IN THE UNITED STATES DISTRICT COURT

                         FOR THE DISTRICT OF OREGON

ELRIC V. SHELBY,                )
                                )    Civil No. 04-1476-HA
        Plaintiff,              )
                                )
     v.                         )
                                )
COLLEEN CLEMENTE, J.            )
RENNECKER and REBECCA           )
PRINSLOW,                       )
                                )    OPINION AND ORDER
        Defendants.             )

     Elric V. Shelby
     # 6313636
     2500 Westgate
     Pendleton, OR 97801

          Plaintiff, *Pro se*

     Douglas R. Andres
     Bullivant Houser Bailey, PC
     300 Pioneer Tower
     888 SW Fifth Avenue
     Portland, OR 97204

///

///
     John M. Kreutzer
     Bullivant Houser Bailey, PC
     300 Pioneer Tower
     888 SW Fifth Avenue
     Portland, OR 97204

      1 - OPINION AND ORDER

>        Hardy Myers
>        Attorney General
>        Kathryn Cottrell
>        Assistant Attorney General
>        Department of Justice
>        1162 Court Street NE
>        Salem, Oregon 97301-4096

>        Attorneys for Defendants

HAGGERTY, District Judge.

Plaintiff, an inmate at the Eastern Oregon Correctional Institution, brings this action pro se pursuant to 42 U.S.C. § 1983. The court issued a Summary Judgment Advice Notice (#13) to plaintiff on February 15, 2005 advising him of the federal summary judgment standards. Currently before the court are the parties' cross-motions for summary judgment. For the reasons which follow, defendants' Motion for Summary Judgment (#14) is granted, and plaintiff's Motion for Summary Judgment (#25) is denied.

## BACKGROUND

On July 19, 2004, guards at the Oregon State Penitentiary observed what appeared to be plaintiff engaged in the distribution of contraband in the prison yard. Plaintiff was taken to a security room and subjected to a "skin search," a process whereby an inmate is asked to undress so that both he and his clothing can be inspected for contraband. Although no cigarettes were found, tobacco residue was present in plaintiff's pocket.[1] The Oregon

---

[1] Although this incident is not recounted in any affidavits before the court, plaintiff raises it in his Concise Statements of Material Fact (#27), and defendants "admit a search of Plaintiff

Department of Corrections ("ODOC") considers tobacco a contraband substance.

Plaintiff was then escorted to the Disciplinary Segregation Unit ("DSU"). While in the DSU intake area, he was subjected to a second skin search by defendant Rennecker. No further contraband was found, and plaintiff was escorted to a cell within the DSU.

After securing plaintiff in a DSU cell, Rennacker returned to the DSU intake area and found a bundle of toilet paper containing 14 cigarettes hidden behind a security door. There is no dispute that plaintiff was the first individual admitted to the DSU on July 19, 2004. Based on this fact, and Rennecker's representation that the cigarettes were not in the DSU intake area upon his entry with plaintiff, the cigarettes were attributed to plaintiff and a misconduct report was issued for violation of Rule 1(e) (Contraband II), Rule 4(f) (Distribution II), and Rule 4(b) (Disobedience of an Order).

On July 21, 2004, defendant Clemente held a disciplinary hearing where she found plaintiff in violation of Rule 4(f) (Distribution) for attempting to distribute cigarettes, or have them distributed to him. The Rule 1(e) and 4(b) violations merged with the Rule 4(f) violation. Using a pre-determined sanction grid, Clemente developed a punishment based on the severity of the

---

was conducted and that Corrections Officer Smith found strands of tobacco in Plaintiff's pocket." Defendants' Response to Plaintiff's Concise Statement of Material Facts (#41), p. 3.

3 - OPINION AND ORDER

Rule 4(f) violation as well as plaintiff's disciplinary history. Clemente sanctioned plaintiff to: (1) 84 days in segregation; (2) a $100 disciplinary fine; (3) 28 days loss of privileges upon release from the DSU; (4) loss of 180 days of basic visits upon plaintiff's return to the general population; and (5) the retraction of 100 days of previously earned good-time credits.

On August 4, 2004, plaintiff timely requested administrative review. On August 16, 2004, defendant Prinslow denied plaintiff's administrative appeal. Plaintiff's further attempts to challenge the results of the disciplinary hearing were also rejected.

Plaintiff brings this § 1983 action alleging that defendants violated his Eighth and Fourteenth Amendment rights during his prison disciplinary proceeding and the subsequent administrative review process. He also challenges the legality of ODOC's rules pertaining to the confiscation of his funds for disciplinary infractions. Plaintiff asks for declaratory, injunctive, and monetary relief.

## **STANDARDS**

Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party bears the initial responsibility of informing the court of the basis of its motion, and identifying those portions of "'pleadings, depositions, answers to interrogatories, and admissions on file, together with

the affidavits, if any,' which it believes demonstrates the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986) (quoting Fed. R. Civ. P. 56(c)).

"If the moving party meets its initial burden of showing 'the absence of a material and triable issue of fact,' 'the burden then moves to the opposing party, who must present significant probative evidence tending to support its claim or defense.'" Intel Corp. v. Hartford Acc. & Indem. Co., 952 F.2d 1551, 1558 (9th Cir. 1991) (quoting Richards v. Neilsen Freight Lines, 810 F.2d 898, 902 (9th Cir. 1987)). If "the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" Matsushita Elec. Indus. Co. v. Zenith Radio, 475 U.S. 574, 587 (1986). All reasonable doubts as to the existence of a genuine issue of fact must be resolved against the moving party. Id.

## DISCUSSION

As an initial matter, plaintiff's claims against the defendants in their official capacities are barred by the Eleventh Amendment because Eleventh Amendment immunity extends to individuals acting in their official capacities as agents of the State. Edelman v. Jordan, 415 U.S. 651, 663 (1974); Pena v. Gardner, 976 F.2d 469, 472 (9th Cir. 1992). The case therefore proceeds against defendants in their individual capacities only.

I. **Disciplinary Hearing and Administrative Review.**

5 - OPINION AND ORDER

A.  **Due Process**.

In his first ground for relief, plaintiff alleges that his disciplinary hearing and the administrative review process violated his right to due process because he never actually possessed contraband material. Plaintiff's due process challenge is therefore substantive in nature.

In order to establish a substantive due process violation, "a plaintiff is ordinarily required to prove that a challenged government action was clearly arbitrary and unreasonable, having no substantial relation to the public health, safety, morals or general welfare." Patel v. Penman, 103 F.3d 868, 874 (9th Cir. 1996) (citations and internal quotations omitted). Due process requires only "some evidence" to support the prison's disciplinary decision. See Superintendent v. Hill, 472 U.S. 445 (1985). Under the "some evidence" standard, the relevant inquiry is whether there is any evidence in the record that could support the prison's conclusion. Bruce v. Ylst, 351 F.3d 1283 (9th Cir. 2003).

Plaintiff alleges that because prison officials failed to find any cigarettes during two skin searches, and located them only after placing him in a DSU cell, there was no evidence that he had been in possession of tobacco. To the contrary, plaintiff was observed attempting to sell something in the prison yard. Affidavit of Colleen Clemente, Att. 1, p. 1. By his own admission, his first skin search yielded tobacco strands (*i.e.*, contraband) in

6 - OPINION AND ORDER

his pocket. Concise Statements of Material Fact (#27), p. 3. Immediately following plaintiff's second skin search in the DSU intake area (where no other inmate had been present that day), 14 cigarettes were found wrapped in toilet paper and hidden behind a door. Affidavit of Jed Rennecker, p. 2. According to Rennecker, the contraband "was not there when the [security door] was closed to admit Inmate Shelby." Id at 3. Plaintiff does not dispute that Clemente had this evidence before her during his disciplinary hearing; he simply challenges her conclusion. Because Clemente's finding that plaintiff violated the prison's rules was based on some evidence, plaintiff's due process claim fails as a matter of law.

    B.   **Cruel and Unusual Punishment**.

Plaintiff also appears to raise an Eighth Amendment challenge to the $100 fine he received. He argues that the fine is so excessive as to constitute cruel and unusual punishment. The Supreme Court has held that "a punitive forfeiture violates the Excessive Fines Clause if it is grossly disproportional to the gravity of a defendant's offense." United States v. Bajakajian, 524 U.S. 321, 324 (1998).

In this case, the $100 fine was calculated using a predetermined sentencing grid which accounted not only for the violation at issue, but also took into consideration plaintiff's 16 major rule violations over the previous four years. Clemente

Affidavit, p. 3. Based on plaintiff's history as well as the nature of his offense, the $100 fine was not grossly disproportional to the offense, therefore plaintiff's Eighth Amendment claim fails as a matter of law.

## II. **Challenges to Monetary Fines**.

Plaintiff also alleges that ODOC has unconstitutionally confiscated money from his prison trust account to pay off his disciplinary fines. He argues that this practice is unconstitutional for two reasons: (1) inmates are prevented from appealing the severity of disciplinary fines; and (2) the Oregon Revised Statues do not allow ODOC to develop rules which allows it to levy fines against inmates when their misbehavior does not lead to the damage or destruction of ODOC property.

### A. **Severity of Fine**.

OAR 291-105-0073(4) provides that the "Inspector General shall not review such petitions for administrative review in terms of the severity of the sanction which was imposed." It therefore appears that plaintiff was precluded from challenging the severity of his monetary fine in an administrative appeal.

Plaintiff's claim is not that his administrative hearing failed to meet all of the procedural requirements of <u>Wolff v. McDonnel</u>, 418 U.S. 539 (1974) (requiring notice of the charge and an opportunity to present a defense), nor does he allege that he was prevented from appealing Clemente's decision. Instead, he

takes issue with his inability to appeal the severity of his $100 fine.

A right to appeal disciplinary convictions is not within the narrow set of due process rights delineated in Wolff. Plaintiff received ample process during his administrative hearing so as to be protected against the arbitrary deprivation of his property. Accordingly, the absence of an administrative appeal process as to the severity of the punishment does not constitute a due process violation.[2]

**B.    Legality of Fines.**

Finally, plaintiff alleges that the Oregon Revised Statutes do not authorize ODOC to adopt rules to levy fines upon inmates for misconduct not associated with the damage or destruction of property. The court construes this as a due process claim.

The Oregon Court of Appeals previously addressed ODOC's authority to adopt rules permitting fines and "conclude[d] that the 'general policy' of the statutory framework permits the imposition of fines as disciplinary sanctions." Id at 6. As Oregon's state courts have determined that Oregon's statutory framework permits

---

[2] It is also noteworthy that in a concurring opinion in Clark v. Schumacher, 103 Or.App. 1, 795 P.2d 1093 (1990), the Honorable Susan Graber concluded that the ability of ODOC to levy a fine without providing access to the courts "to test the legality of the fine or the inmate's ability to pay it" does not violate an inmate's right to due process. Id at 7. In the case at bar, plaintiff was able to test the constitutionality of the fine in this proceeding as demonstrated by his Eighth Amendment claim.

ODOC to develop regulations to allow for the imposition of fines, plaintiff's constitutional argument must fail as a matter of law.

## III. **Access to Courts**.

In passing, plaintiff makes reference to an access to courts claim. The claim is without merit because plaintiff fails to allege how his efforts to access the courts were hindered, nor has he alleged that he suffered prejudice as a result. Lewis v. Casey, 518 U.S. 343, 350-51 (1996).

Because all of plaintiff's § 1983 claims fail as a matter of law, the court grants defendants' Motion for Summary Judgment without addressing their qualified immunity defense. As summary judgment for defendants is proper, plaintiff's Motion for Summary Judgment is denied.

## **CONCLUSION**

For the reasons identified above, defendants' Motion for Summary Judgment (#14) is granted, and plaintiff's Motion for Summary Judgment (#25) is denied.

IT IS SO ORDERED.

DATED this ___29___ day of August, 2005.

                     _Garr M King for_
                          Ancer L. Haggerty
                          United States District Judge